UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON MORRIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-02923 |
| ) | |
| v. ) | Judge Joan B. Gottschall |
| ) | Magistrate Judge Sidney I. Schenkier |
| BNSF RAILWAY, ) | |
| ) | |
| Defendant. ) | |

**BNSF RAILWAY COMPANY'S ANSWER TO**
**PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendant, BNSF Railway Company,[1] by and through its attorneys, Heather R. Adams and Daley Mohan Groble, P.C., for its Answer and Defenses to Plaintiff's Complaint of Employment Discrimination, states as follows:

1. This is an action for employment discrimination.

**ANSWER: BNSF Railway Company ("BNSF") admits the allegation contained in this paragraph.**

2. The plaintiff is Ron Morris of the County of Cook in the state of Illinois.

**ANSWER: BNSF admits that Ron Morris is the plaintiff in this action and admits on information and belief that he resides in the County of Cook in the State of Illinois.**

3. The defendant is BNSF, whose street address is 3611 W. 38th Street, City of Chicago, County of Cook, State of Illinois, 60632. Phone number (773) 579-5000.

**ANSWER: BNSF admits that one of its addresses is 3611 West 38th Street, City of Chicago, County of Cook, State of Illinois, 60632. BNSF admits the remaining allegations contained in this paragraph.**

---

[1] Defendant states that its correct legal name is "BNSF Railway Company."

1

4. The plaintiff sought employment or was employed by the defendant at 3611 W. 38th Street, Chicago, Cook County, Illinois 60632.

**ANSWER: Defendant admits the allegations contained in this paragraph.**

5. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER: BNSF admits the allegations contained in this paragraph.**

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)_____, (day)_____, (year)_____.

**ANSWER: Mr. Morris has failed to specify as to the dates upon which BNSF allegedly discriminated against him. Notwithstanding this omission, BNSF denies that it discriminated against Mr. Morris at any time.**

7.1.(a). The defendant is not a federal governmental agency.

**ANSWER: BNSF admits the allegations of this subparagraph.**

7.1.(a)(i). The plaintiff filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the United States Equal Opportunity Commission, on or about January 8, 2014.

**ANSWER: BNSF admits that Mr. Morris filed a charge of discrimination against it with the Equal Employment Opportunity Commission ("EEOC") on or about January 8, 2014.**

7.1(a)(ii). The plaintiff did not file a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the Illinois Department of Human Rights.

**ANSWER: BNSF admits that Plaintiff did not file a charge of discrimination against it with the Illinois Department of Human Rights ("IDHR").**

7.1(b). A copy of the charge is attached. It is the policy of both the Equal

Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER: BNSF admits that a copy of the charge was attached to Mr. Morris' Complaint. BNSF further admits that it is the policy of both the EEOC and the IDHR to cross-file with the other agency all charges received. BNSF lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.**

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff January 6, 2015, a copy of which *Notice* is attached to this complaint.

**ANSWER: BNSF admits that the EEOC issued a *Dismissal and Notice of Right to Sue* and that a copy of the *Notice* is attached to the Complaint. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph.**

9. The defendant discriminated against the plaintiff because of the plaintiff's color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981) and race (Title VII of the Civil Rights Act of 1964).

**ANSWER: BNSF denies the allegations contained in this paragraph.**

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER: BNSF denies the allegations contained in this paragraph.**

3

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. 1331, 28 U.S.C.1343 (a)(3), and 42 U.S.C. 2000e-5(f)(3); for 42 U.S.C. 1981 and §1983 by 42 U.S.C.1988; for the A.D.E.A. by 42 U.S.C.12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER: BNSF admits that Plaintiff's Complaint seeks to invoke the Court's jurisdiction pursuant to the statutes set out above. BNSF denies that jurisdiction is conferred under Title VII and denies that it violated of any of aforementioned statutes.**

12. The defendant terminated the plaintiff's employment, failed to stop harassment and retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

**ANSWER: BNSF denies the allegations contained in this paragraph.**

13. The facts supporting the plaintiff's claim of discrimination are as follows:

> *Dismissed for Rule violation without ascertaining the facts of the incident, without proof. Though several white co-workers have been guilty of the same violations with very little action taken against them even though all had previous records.*

**ANSWER: BNSF denies the allegations set forth in this paragraph and further states that Mr. Morris was dismissed for operating Key Train U-DNDCXY0-07T at speeds in excess of the maximum authorized speeds, in violation of several BNSF critical work practices, including Air Brake and Train Handling Rules ("ABTHR") and General Code of Operating Rules ("GCOR").**

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER: BNSF makes no answer to the allegations contained in this paragraph as Mr. Morris does not make an Age Discrimination claim.**

15. The plaintiff demands that the case be tried by a jury. YES

**ANSWER: BNSF admits that plaintiff has made a jury demand.**

16. Therefore, the plaintiff asks that the court grant the following relief to the plaintiff: (b) direct the defendant to re-employ the plaintiff and (g) if available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**ANSWER: BNSF denies any liability in this matter and denies that Mr. Morris is entitled to relief. BNSF further prays that this Court enter judgment on its behalf.**

WHEREFORE, having fully answered the Complaint, and denied any and all unlawful conduct alleged by plaintiff in his Complaint, Defendant BNSF RAILWAY COMPANY hereby requests that the Complaint be dismissed in its entirety with prejudice, that plaintiff take nothing by way of the Complaint, that Defendant BNSF be awarded its costs and attorneys' fees incurred herein as appropriate, and that Defendant BNSF be awarded such further relief as the Court deems just and proper.

## BNSF RAILWAY COMPANY'S DEFENSES

BNSF asserts the following affirmative defenses to Plaintiff's Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted:

### FIRST DEFENSE

Mr. Morris' Complaint fails to state a claim to relief for race discrimination under Title VII because he filed an unsworn and unverified charge with the EEOC and never subsequently verified his charge prior to his initiation of the instant lawsuit. Title VII of the Civil Rights Act

of 1964, Section 2000e-5(b), requires that charges be filed under "oath or affirmation." Verification of the charge is a mandatory prerequisite that a plaintiff must satisfy in order to maintain a Title VII lawsuit. *Philbin v. General Elec. Capital Auto Lease, Inc.*, 929 F.2d 321, 323-24 (7th Cir. 1991); *See Bacon v. Allstate Ins. Co.*, 1995 WL 360736 (N.D. Ill. 1995) (holding that Title VII's verification requirement is technical during the EEOC administrative process; however, the requirement becomes mandatory once the EEOC has issued a right to sue letter and thereby terminated its investigation and conciliation processes); *Balazs v. Liebenthal*, 32 F.3d 151 (4th Cir. 1994) (holding that to be timely verified for purposes of initiating a Title VII lawsuit, the charge must be verified prior to the EEOC closing its investigation and issuing a right to sue letter).

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

### SECOND DEFENSE

Mr. Morris' claims of color discrimination, harassment and retaliation in violation of Title VII must be dismissed as they fall outside the scope of his EEOC charge and, therefore, he has failed to exhaust the administrative remedies available to him.

### THIRD DEFENSE

Mr. Morris' Complaint fails to state a claim to relief that is plausible on its face in that it does not sufficiently plead facts to show that BNSF is liable for the misconduct alleged.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**FOURTH DEFENSE**

Mr. Morris' claim of Title VII discrimination should be dismissed because the employment practices and/or decisions plaintiff challenges are justified by legitimate, non-discriminatory and non-pretextual reasons.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**FIFTH DEFENSE**

Mr. Morris' claims should be dismissed because he has failed to plead *prima facie* cases of race discrimination, color discrimination, harassment or retaliation.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**SIXTH DEFENSE**

All acts of alleged Title VII discrimination that do not fall within 300 days of the filing of the charge of discrimination are time barred.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**SEVENTH DEFENSE**

To the extent that Mr. Morris asserts any other claims that fall outside of the applicable statute of limitations for such claims, those claims are barred**.**

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court

to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

### EIGHTH DEFENSE

Mr. Morris' Complaint fails to sufficiently plead that the acts alleged were part of a custom, policy or practice of discrimination in violation of 42 U.S.C. Section 1981 and 1983.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

### NINTH DEFENSE

BNSF reserves the right to plead additional defenses if discovery reveals a factual basis for such defenses.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

### TENTH DEFENSE

BNSF exercised reasonable care to prevent and promptly correct any workplace harassment, and Mr. Morris unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

### ELEVENTH DEFENSE

To the extent applicable, Mr. Morris's claims are barred, in whole or in part, because the

Railway Labor Act requires deferral to a Public Law Board for interpretation of the controlling collective bargaining agreement.

    WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

                                                Respectfully submitted,

                                                BNSF RAILWAY COMPANY

                                                By: /s/Heather R. Adams
                                                        One of Its Attorneys

Heather R. Adams
Daley Mohan Groble, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603-5001
hadams@daleymohan.com
312-422-9999

**CERTIFICATE OF SERVICE**

I, Heather R. Adams, an attorney, hereby certify that on the 28 day of July, 2015, I caused the foregoing ANSWER TO PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION with the Clerk of the United States District Court for the Northern District of Illinois via the CM/ECF electronic filing system and by depositing the same in the U.S. Post Office box located at 55 West Monroe Street, Chicago, Illinois addressed as follows:

***Pro Se* Plaintiff**

Mr. Ron Morris
3611 West 38th Street
Chicago, Illinois 60632

/s/Heather R. Adams_____
Heather R. Adams