# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RON MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-02923 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | Magistrate Judge Sidney I. Schenkier |
| BNSF RAILWAY, | ) | |
| | ) | |
| Defendant. | ) | |

## BNSF RAILWAY COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, BNSF Railway Company, by and through its attorneys, Raymond H. Groble, III, Heather R. Adams and Daley Mohan Groble, P.C., for its Answer and Defenses to Plaintiff's Second Amended Complaint, states as follows:

1. This is an action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, and 42 U.S.C. 1981.

**ANSWER: BNSF Railway Company ("BNSF") admits the allegations contained in this paragraph.**

2. Plaintiff, Ron Morris, is a resident of the Cook County, Illinois.

**ANSWER: BNSF admits that Mr. Morris is the plaintiff in this action and admits on information and belief that he resides in the Cook County, Illinois.**

3. Defendant BNSF Railway Company is a Delaware Corporation, licensed and doing business in the state of Illinois.

**ANSWER: BNSF admits the allegations of paragraph 3 of Mr. Morris' Second Amended Complaint.**

4. The defendant has a business located at 3611 W. 38th Street, Chicago, IL 60632.

**ANSWER: BNSF admits that one of its addresses is 3611 West 38th Street, City of Chicago, County of Cook, State of Illinois, 60632.**

5. The plaintiff sought employment 3611 W. 38th Street, Chicago, IL 60632.

**ANSWER: BNSF admits that the railroad yard and facility, located at 3611 West 38th Street, Chicago, Illinois 60632, was one of the BNSF-operated properties where Mr. Morris worked. BNSF lacks sufficient information regarding the remaining allegations contained in this paragraph.**

6. As the discrimination took place in Cook County, Illinois, venue is proper in this Court.

**ANSWER: BNSF admits that venue is proper. BNSF denies that it discriminated against Mr. Morris or engaged in any unlawful conduct or practice in the Northern District of Illinois that adversely affected Mr. Morris.**

7. Ron Morris was continuously employed by BNSF for approximately nine years.

**ANSWER: BNSF admits that Mr. Morris was hired on July 7, 2004, and was dismissed from employment on April 30, 2013. BNSF denies the remaining allegations contained in this paragraph.**

8. Ron Morris remained employed by BNSF until May 1, 2013.

**ANSWER: BNSF admits that Mr. Morris was dismissed from employment on April 30, 2013. BNSF denies the remaining allegations contained in this paragraph.**

9. On or about May 1, 2013, BNSF terminated Plaintiff's employment.

**ANSWER: BNSF admits that Mr. Morris was dismissed from employment on April 30, 2013. BNSF denies the remaining allegations contained in this paragraph.**

10. On January 8, 2014, Ron Morris filed a sworn Complaint with the Illinois Department of

Human Rights and the U.S. Equal Opportunity Commission. A copy of said sworn complaint is attached hereto as **Exhibit A.**

**ANSWER: BNSF admits that Mr. Morris filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 8, 2014, and that a copy of this charge is attached to Mr. Morris' Second Amended Complaint. BNSF denies the remaining allegations of this paragraph.**

11. On January 6, 2015, the U.S. Equal Employment Opportunity Commission issued a "Notice of Suit Rights" letter to Ron Morris. A copy of said letter is attached hereto as **Exhibit B**.

**ANSWER: BNSF admits that the EEOC issued Mr. Morris a Dismissal and Notice of Right to Sue letter ("Notice") and that a copy of this Notice is attached to the Second Amended Complaint.**

12. In violation of law, Defendant discriminated against Plaintiff on the basis of color and race.

**ANSWER: BNSF denies that it discriminated against Mr. Morris because of his color or race at any time. BNSF further states that Mr. Morris was dismissed for operating Key Train U-DNDCXY0-07T at speeds in excess of the maximum authorized speeds, in violation of several BNSF critical work practices, including Air Brake and Train Handling Rules ("ABTHR") and General Code of Operating Rules ("GCOR").**

13. Jurisdiction over Plaintiff's claim is conferred by Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 by 42 U.S.C. §1988. The plaintiff was employed but is no longer employed by the defendant.

**ANSWER: BNSF admits that Mr. Morris' Second Amended Complaint seeks to invoke**

**the Court's jurisdiction pursuant to the statutes set out above. BNSF denies that jurisdiction is conferred under Title VII or 42 U.S.C. §1981. BNSF further denies that it violated of any aforementioned statutes.**

14. Contrary to law, the defendant wrongfully terminated Plaintiff's employment and harassed Plaintiff based on his color and race.

**ANSWER: BNSF denies that it wrongfully terminated, harassed or discriminated against Mr. Morris because of his color or race at any time. BNSF further states that Mr. Morris was dismissed for operating Key Train U-DNDCXY0-07T at speeds in excess of the maximum authorized speeds, in violation of several BNSF critical work practices, including Air Brake and Train Handling Rules ("ABTHR") and General Code of Operating Rules ("GCOR").**

15. In particular, Defendant did the following:

   A. Plaintiff was employed as a conductor by Defendant;

   B. Plaintiff was alleged to have operated a key train at speeds in excess of authorized maximums;

   C. Plaintiff was wrongfully terminated for such conduct;

   D. Defendant deliberately, due to Plaintiff's race and color, wrongfully applied improper rules and standards in order to discharge Plaintiff;

   E. In addition, Defendant imposed discipline on employees differently based on race.

   F. White employees were not discharged for substantially similar conduct.

**ANSWER: BNSF admits that it employed Mr. Morris as a conductor, among other positions, and that Mr. Morris was dismissed for operating Key Train U-DNDCXY0-07T at speeds in excess of the maximum authorized speeds, in violation of several BNSF critical work practices, including Air Brake and Train Handling Rules ("ABTHR") and General**

**Code of Operating Rules ("GCOR"). BNSF denies each and every remaining allegation contained in paragraph 10 of Plaintiff's Second Amended Complaint, including subparagraphs (C)-(F).**

16. WHEREFORE, as result of the wrongful conduct of Defendant, Plaintiff seeks the following relief:

   A. Order Defendant to re-employ Plaintiff;

   B. For lost wages and other compensatory and punitive damages as provided by law, including and order of attorney fees and expert fees;

   C. Such other relief as this Court may find appropriate.

**ANSWER: BNSF makes no answer to the allegations of paragraph 16 of Mr. Morris' Second Amended Complaint inasmuch as they are not allegations of fact that can be admitted or denied. To the extent that paragraph 16 contains any statement of fact, BNSF denies each and every allegation, including those contained in subparagraphs (A)-(C).**

## BNSF RAILWAY COMPANY'S DEFENSES

BNSF asserts the following affirmative defenses to Mr. Morris' Second Amended Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted:

## FIRST DEFENSE

Mr. Morris' Second Amended Complaint fails to state a claim to relief for race discrimination under Title VII because he filed an unsworn and unverified charge with the EEOC and never subsequently verified his charge prior to his initiation of the instant lawsuit. Title VII of the Civil Rights Act of 1964, Section 2000e-5(b), requires that charges be filed under "oath or affirmation." Verification of the charge is a mandatory prerequisite that a plaintiff must satisfy in order to maintain a Title VII lawsuit. *Philbin v. General Elec. Capital Auto Lease, Inc.*, 929 F.2d

321, 323-24 (7th Cir. 1991); *See Bacon v. Allstate Ins. Co.*, 1995 WL 360736 (N.D. Ill. 1995) (holding that Title VII's verification requirement is technical during the EEOC administrative process; however, the requirement becomes mandatory once the EEOC has issued a right to sue letter and thereby terminated its investigation and conciliation processes); *Balazs v. Liebenthal*, 32 F.3d 151 (4th Cir. 1994) (holding that to be timely verified for purposes of initiating a Title VII lawsuit, the charge must be verified prior to the EEOC closing its investigation and issuing a right to sue letter).

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

## SECOND DEFENSE

Mr. Morris' claims of color discrimination, harassment and retaliation in violation of Title VII must be dismissed as they fall outside the scope of his EEOC charge and, therefore, he has failed to exhaust the administrative remedies available to him.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

## THIRD DEFENSE

Mr. Morris' claim of harassment and color-based discrimination in violation of 42 U.S.C. § 1981 must be dismissed because 42 U.S.C. § 1981 prohibits only race-based discrimination, not discrimination based on color or harassment. *St. Francis Coll. v. Al-Khazraji,* 481 U.S. 604, 613 (1987).

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court

to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**FOURTH DEFENSE**

Mr. Morris' Second Amended Complaint fails to state a claim to relief that is plausible on its face in that it does not sufficiently plead facts to show that BNSF is liable for the misconduct alleged.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike P Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**FIFTH DEFENSE**

Mr. Morris' claim of Title VII discrimination should be dismissed because the employment practices and/or decisions plaintiff challenges are justified by legitimate, non-discriminatory and non-pretextual reasons.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**SIXTH DEFENSE**

Mr. Morris' claims should be dismissed because he has failed to plead *prima facie* cases of race discrimination, color discrimination, harassment or retaliation.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

## SEVENTH DEFENSE

All acts of alleged Title VII discrimination that do not fall within 300 days of the filing of the charge of discrimination are time barred.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

## EIGHTH DEFENSE

To the extent that Mr. Morris asserts any other claims that fall outside of the applicable statute of limitations for such claims, those claims are barred**.**

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

## NINTH DEFENSE

Mr. Morris' Second Amended Complaint fails to sufficiently plead that the acts alleged were part of a custom, policy or practice of discrimination in violation of 42 U.S.C. Sections 1981 and 1983.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

## TENTH DEFENSE

BNSF reserves the right to plead additional defenses if discovery reveals a factual basis for such defenses.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court

to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**ELEVENTH DEFENSE**

BNSF exercised reasonable care to prevent and promptly correct any workplace harassment, and Mr. Morris unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

**TWELFTH DEFENSE**

To the extent applicable, Mr. Morris's claims are barred, in whole or in part, because the Railway Labor Act requires deferral to a Public Law Board for interpretation of the controlling collective bargaining agreement.

WHEREFORE, Defendant, BNSF RAILWAY COMPANY**,** prays this Honorable Court to strike Plaintiff's Second Amended Complaint and dismiss any cause of action stated therein with prejudice and further award its costs incurred herein.

Respectfully submitted,

BNSF RAILWAY COMPANY

By: /s/Heather R. Adams
    One of Its Attorneys

Raymond H. Groble, III
Heather R. Adams
Daley Mohan Groble, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603-5001
groble@daleymohan.com
hadams@daleymohan.com
312-422-9999

# CERTIFICATE OF SERVICE

      I, Heather R. Adams, an attorney, hereby certify that on the 7th day of March, 2016, I caused the foregoing ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of the United States District Court for the Northern District of Illinois via the CM/ECF electronic filing system and by depositing the same in the U.S. Post Office box located at 55 West Monroe Street, Chicago, Illinois addressed as follows:

***Attorney for* Plaintiff**
David M. Lewin, #6211157
Lewin Law Group
175 W. Jackson, Suite 1600
Chicago, IL 60604
Tel: (312) 725-2084

                                            /s/Heather R. Adams