**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RON MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 15 CV 2923 |
| | ) | |
| v. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY | ) | **JUDGE KENNELLY** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTIONS IN LIMINE**

NOW COMES Plaintiff, by his attorneys of record, and for his Response to Defendant's Motions In Limine, states as follows:

**MOTION IN LIMINE NO. 1**

Defendant is seeking to exclude from evidence all the documentation of how Defendant disciplined similarly situated employees. Plaintiff's theory of liability is that he was disciplined more harshly (terminated) than similarly situated non African-American employees. More specifically, he claims he was wrongfully denied an opportunity to avoid termination by being offered a "waiver" or "alternative handling." Plaintiff contends that several similarly situated employees avoided both a formal investigation and termination when they were offered waiver or alternative handling. Defendant is now seeking to exclude all of Plaintiff's documentation that proves his disparate treatment.

Defendant complains that Plaintiff has identified trial exhibits related to forty-eight (48)

other current and former employees. Yet, in its attempt to exclude all of evidence related to Plaintiff's comparators Defendant points to alleged deficiencies in only two (2) of the comparators. (Def. MIL pg. 3-7) The general thrust of Defendant's argument seems to be that because Plaintiff doesn't have *all* of the information related to the discipline of the comparators then *none* of Plaintiff's evidence about those comparators can be admitted. There is no rule of evidence that supports this argument. Furthermore, Defendant created and has exclusive control over the disciplinary records. If it has more records related to these comparators they should have been produced to Plaintiff during discovery. Moreover, it is not Plaintiff's fault that Defendant did not create and/or keep more robust records of employee discipline that Defendant complains are inadequate. Additionally, the primary reason Defendant has documentation of a thorough investigation into Plaintiff's rule violation is that as part of its discriminatory practices Plaintiff was denied an opportunity to avoid that investigation and accept waiver or alternative handling – unlike his white comparators.

Defendant asserts that there will not be any trial witness that can testify about why similarly situated employees were not terminated. However, the decision-maker whose behavior is central to the issues at trial is the witness Scott Hendrickson. Mr. Hendrickson is going to be a trial witness – his video recorded deposition, scheduled for February 18, 2019, will be played for the jury. For several years (between 2010 and 2013) he was the person charged with handling the discipline of Plaintiff and his comparators. Thus, he is competent to testify about the discipline decisions he made and his reasons for those decisions. Defendant complains that he may not remember many details given the passage of time. While true, that is not a basis for excluding documented evidence of his decisions and/or the reasons therefore contained in Plaintiff's exhibits.

For example, Mr. Hendrickson's signature appears on many of the disciplinary documents listed as Plaintiff's exhibits. These documents describe the employee's rule violations and the fact that they were given alternative handling or waiver rather than being terminated. A sampling of these documents for the following white employees is attached as Exhibit A: 1) Michael McCool; 2) D.G. Mielke, 3) Richard Nelson, 4) Antonio Ramos, 5) Neal Roland, 6) Justin Ross, 7) Stephen James Sacia, 8) Michael Sarazin, 9) Michael Parys, 10) Daniel Cutler, 11) Michael Wyatt, 12) Jody Dolan, 13) Gregory Smith, 14) Paul Fairbanks, 15)Steven Hess and 16) Kellan P. Smith. This is not the entirety of Plaintiff's evidence of comparators. However, they constitute several examples clearly describing the alleged very serious rule violations, and offers of alternative handling or waivers to white employees allowing them to escape termination and even a formal investigation – all signed by Scott Hendrickson. Thus, contrary to what is asserted in Defendant's motion, for the vast majority of Plaintiff's comparators there is no doubt what the alleged rule violations are, the discipline that resulted, or the relevant decision-maker's involvement in those decisions.

Ultimately, whether any specific exhibit is admissible is going to have to be made separately for each exhibit. Defendant has not established that it is entitled to exclude all of Plaintiff's comparator evidence based upon the allegedly incomplete information related to only two of the comparators. Plaintiff respectfully submits that the Court should reserve ruling on the relevance or foundation for Plaintiff's comparator evidence until Plaintiff seeks to use it at trial.

**MOTION IN LIMINE NO. 2**

Defendant is seeking to exclude nearly all of Plaintiff's witnesses from testifying at trial. Specifically, Defendant is seeking to exclude: 1) Curtis Terry; 2) Randolph Purnell; 3) Keith Evans; 4) Thomas Lynch; 5) Darryl Stevens; 6) Ryan Adams; 7) Eugene Redmond; 8) Maceo

Shaw, 9) Kellan Smith; and 10) Greg Smith. (Def. MIL. Pg. 8-10) Defendant argues that all these witnesses should be barred based upon Plaintiff's alleged failure to comply with Rule 26 of the Federal Rules of Civil Procedure. However, the Court should deny this motion.

All ten (10) witnesses that are the subject of Defendant's motion *were* disclosed in Plaintiff's initial Rule 26(a) disclosures. (See Ex. B) Defendant's motion admits these witnesses were on Plaintiff's initial disclosures, but complains that they were technically untimely because the disclosure was not made until "sometime in 2017." Defendant's motion does not acknowledge that for portions of this litigation Plaintiff was *pro se* and his legal representation has changed several times. To the extent Defendant was prejudiced by the technical untimeliness or substantive deficiencies of the initial disclosures it had nearly two (2) years after the disclosures were made to address these complaints, and/or cure the issue(s). Defendant has not cited any example of it asking for the initial disclosures to be made any sooner, or asking for additional information about the disclosures until shortly before trial. Moreover, once Defendant's current attorneys asked Plaintiff's current attorneys to supplement these disclosures Plaintiff quickly complied with the request.

Defendant also appears to make the argument that Plaintiff's witnesses must be barred because he supposedly violated FRCP 26(a)(3)(A) and (B). However, this undeveloped argument is unclear as to what exactly is being argued. First, it should be noted that neither party served separate witness lists labeled as FRCP 26(a)(3)(A) disclosures. Second, FRCP 26(a)(3)(B) states that the time for disclosing witness lists, deposition designations, and exhibits is 30 days before trial "unless the court orders otherwise." This Court did order "otherwise." That is, the Court entered an order setting up a schedule for the completion and filing of a proposed Final Pretrial Order – which includes all the pretrial information (and more) covered by

4

FRCP 26(a)(3)(A). The parties worked diligently and successfully collaborated to comply with the Court's order in a timely fashion. Moreover, when Defense counsel asked for updated contact information for the witnesses (all of whom are current or former employees of Defendant) Plaintiff's counsel quickly provided that information. In short, Plaintiff did not violate FRCP 26(a)(3)(A) or (B), and therefore there is no basis for excluding Plaintiff's trial witness.

**MOTION IN LIMINE NO. 3**

Defendant is seeking to exclude or limit the trial testimony of Plaintiff's witness Curtis Terry. The basis for Defendant's motion is Defendant supposedly did not know "the scope" of Mr. Terry's expected trial testimony until two weeks before trial. (Def. MIL. Pg. 10).

However, Plaintiff long-ago disclosed Curtis Terry as a potential witness in his initial Rule 26(a)(1) disclosures as someone "expected to testify as to BNSF's practices and procedures regarding employee discipline." (see Ex. B) Additionally, nearly nine (9) months ago Plaintiff filed a three-page declaration with the Court outlining the basis for his knowledge about Defendant's disciplinary practices and providing specific examples of his knowledge. (see Ex. C). Accordingly, Plaintiff provided Defendant with more than the required information about this trial witness in a timely manner. Therefore, Defendant has not provided a proper basis for excluding this witness from trial, or limiting the scope of his testimony. Accordingly, Defendant's motion in limine must be denied.

**MOTION IN LIMINE NO. 4**

Defendant is seeking to exclude any evidence or testimony that Defendant's managerial employee, Scott Hendrickson, made a racist comment referring to Defendant's Cicero location as "Tim Merriweather's Planet of the Apes." Tim Merriweather is an African-American employee of Defendant. The primary, if not sole, decisionmaker whose disciplinary motivations are going to be examined at trial is Scott Hendrickson. Plaintiff's claim in this case is that Mr. Hendrickson discriminated against Plaintiff because he is African-American. Evidence that Mr. Hendrickson made such blatantly racist comment about African-Americans, especially when coupled with other testimony that he referred to African-Americans as "chimpanzees," is clear evidence demonstrating Mr. Hendrickson's racist attitude towards African-Americans. This evidence supports Plaintiff's claim that his termination was motivated by his race. As such, it is highly relevant to the central issue in this litigation.

Defendant's asserted basis for seeking to exclude this testimony is that it constitutes hearsay. (Def. MIL pg. 12). However, this evidence is not hearsay because it is not being offered to prove the truth of the statement attributed to Mr. Hendrickson. Moreover, Mr. Hendrickson, the declarant of the statement, will be a trial witness subject to cross examination. Accordingly, Defendant has not cited any evidentiary basis for excluding evidence of Mr. Hendrickson's racist comment.

**MOTION IN LIMINE NO. 5**

Defendant seeks to bar Plaintiff from using several signed declarations identified as exhibits. Plaintiff has identified these declarations as exhibits for the purpose of potentially impeaching witnesses or refreshing their recollection. Two of the declarations are signed by trial witnesses Curtis Terry and Randolph Purnell. The declarations may be helpful to refresh their

recollections about events that occurred many years ago. If they are used in this manner the declarations do not themselves necessarily become substantive evidence. Similarly, one declaration is signed by Steve Hess. He is not a trial witness, but he is one of Plaintiff's comparators and his statements about his discipline in the declaration may be helpful to refresh the recollection(s) of decisionmaker(s) involved in his discipline. Again, doing would not necessarily transform the declaration into substantive evidence. This is entirely proper under the Federal rules of evidence. A document does not need to be "admissible as substantive evidence in order to be used for the purposes of impeaching a witness (or refreshing his recollection)." *United States v. Vasquez*, 635 F.3d 889, 895 (7th Cir. 2011). Accordingly, Defendant's motion should be denied.

## MOTION IN LIMINE NO. 6

Defendant seeks to preclude Plaintiff from introducing any evidence concerning punitive damages because "Plaintiff has no evidence that BNSF acted with reckless indifference or intentionally violated the law with respect to his employment," BNSF has anti-discrimination policies, and the decision makers in this case were trained on those policies. (Def. MIL. Pg. 14) However, this motion should be denied.

Plaintiff acknowledges that Defendant has the standard written policies declaring that it does not discriminate on the basis of race. Furthermore, Plaintiff agrees the decision makers in this case were certainly trained that it is contrary to both law and company policies to discriminate on the basis of race. Yet, Plaintiff anticipates that the evidence at trial will demonstrate that these same decision makers, who were Defendant's managerial employees, discriminated against Plaintiff because of his race. That is, the evidence will be that Defendant's

managerial employees knowingly disregarded laws, policies, and their training to discriminate against Plaintiff because of his race. This is all Plaintiff is required to prove in order to be entitled to punitive damages. See e.g. Hertzberg v. SRAM Corp., 261 F.3d 651, 661-663 (7th Cir. 2001).

## MOTION IN LIMINE NO. 7

Plaintiff has no objection to this motion. However, it should apply equally to both parties and therefore Defendant should also be barred from attempting to introduce any evidence of any other lawsuits filed by Plaintiff. Plaintiff has filed a motion in limine addressing this issue.

s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
gbrowne@efox-law.com