# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RON MORRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15 C 2923 |
| BNSF RAILWAY CO., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On March 4, 2019, the Court, sitting as finder of fact on the issues of back pay and reinstatement/front pay, made oral findings and conclusions in which it determined that: (1) plaintiff Ron Morris is entitled to back pay based on the jury's findings, overruling defendant BNSF Railway Co.'s mitigation defense and other arguments; and (2) Morris is not entitled to reinstatement but instead should receive front pay. The Court took the matter of front pay under advisement.

On back pay, the Court adopted Morris's proposed calculations of unpaid wages less amounts earned in other employment, prejudgment interest on back wages from the date Morris filed suit, unpaid pension contributions, and unpaid health insurance benefits. The amounts for each of these, as set forth in plaintiff's exhibits 135, 136, and 137, are net back pay of $422,843; prejudgment interest of $11,404; pension contributions of $37,993; and health insurance benefits of $59,052. The total of these amounts is $531,292.

"The goal of front pay is to put the victim in the financial position he should have enjoyed, when circumstances make it inappropriate to direct the employer to promote (or hire) him." *Biondo v. City of Chicago*, 382 F.3d 680, 691 (7th Cir. 2004). Front pay consists of "the discounted present value of the difference between the earnings [an employee] would have received in his old employment and the earnings he can be expected to receive in his present and future, and by hypothesis inferior, employment." *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953 (7th Cir. 1998) (citation omitted). In addition, "front pay awards are limited in duration," continuing only until a date by which the plaintiff, using reasonable diligence, should have found comparable employment. *Id.*

Morris has tried to find comparable employment but has not been successful; he has worked, but in jobs that are significantly less remunerative than his former position with BNSF. With this in mind, Morris has proposed a front pay calculation that calculates his anticipated earnings at BNSF using what the Court finds are modest but reasonable projections of increases and then deducts his anticipated earnings from substitute employment at the current rate with the same percentage increases. Morris seeks five years of front pay and offers the following non-discounted amounts:

| | |
|---|---|
| 3/2/19 – 6/30/19: | $19,800 |
| 7/1/19 – 6/30/20: | $61,188 |
| 7/1/20 – 6/30/21: | $62,412 |
| 7/1/21 – 6/30/22: | $64,933 |
| 7/1/22 – 6/30/23: | $64,933 |
| 7/1/23 – 3/2/24: | $49,671 |

The Court will limit front pay to the period through June 30, 2021, in other words, a little over two years. Taking the time post-termination and before judgment into

2

account, June 2021 is ample time for Morris to secure comparable employment, even considering the deleterious effects of BNSF's discrimination. And there is a good chance that Morris would not have remained employed by BNSF any longer than this even absent the discrimination considering his work record there.

The non-discounted front pay amount that the Court finds, adopting the net figures in Morris's proposal for the pertinent period, is a total of $143,400, broken down as follows:

        3/2/19 – 6/30/19:   $19,800
        7/1/19 – 6/30/20:   $61,188
        7/1/20 – 6/30/21:   $62,412

At a discount rate of 2.5 percent, which the Court finds reasonable (and which Morris proposes), the present value amounts are:

        3/2/19 – 6/30/19:   $19,317
        7/1/19 – 6/30/20:   $59,211
        7/1/20 – 6/30/21:   $58,922

Based on this calculation, the Court awards total from pay in the amount of $137,450.[1]

---

[1] The Court calculated the discounted figures using the calculator found at http://www.moneychimp.com/calculator/present_value_calculator.htm. The calculator looks like this:

**Present Value Calculator**



## Conclusion

Based on the jury's award of compensatory damages and punitive damages and the Court's award of back pay and front pay, the total amount awarded to plaintiff is $1,543,742 ($375,000 + $500,000 + $531,292 + $137,450).[2] The Clerk is directed to enter judgment in favor of plaintiff Ron Morris and against defendant BNSF Railway Co. on plaintiff's claim for wrongful termination, awarding plaintiff $1,543,742, and in favor of defendant BNSF Railway Co. and against plaintiff Ron Morris on plaintiff's claim of racial harassment. The case is set for a status hearing on March 11, 2019 at 9:30 a.m. to discuss a schedule for plaintiff's fee petition and any other relevant matters.

Date: March 7, 2019

_____
MATTHEW F. KENNELLY
United States District Judge

---

Rather than performing the calculation on a month-by-month basis, the Court plugged into the "years" blank the end date in each period, which results in a slight under-compensation, but given the low discount rate, it is close enough for present purposes. For the first partial year, the Court used 0.33 years as the relevant period; for the second, 1.33 years, and for the third, 2.33 years.

[2] Certain caps apply to awards of compensatory damages and punitive damages on claims under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 1981a(b)(3), but Morris also asserted his claims under 42 U.S.C. § 1981, under which no such caps apply. *See id.* § 1981a(b)(4). The Court therefore does not reduce the jury's award based on the Title VII caps.